**SO ORDERED.**

**SIGNED this 27 day of July, 2011.**



*Dale L. Somers*
Dale L. Somers
UNITED STATES BANKRUPTCY JUDGE

_____

Decision for print publication and on-line use.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| SUNBRIDGE CAPITAL, INC., | CASE NO. 09-20747 |
|        DEBTOR. | CHAPTER 7 |
| CHRISTOPHER J. REDMOND, Trustee, | |
|        PLAINTIFF, | |
| v. | ADV. NO. 11-06113 |
| GULF CITY BODY & TRAILER WORKS, INC., | |
|        DEFENDANT. | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE**

This is an adversary proceeding in which the Chapter 7 Trustee, Christopher J. Redmond (hereafter "Trustee") seeks to recover a prepetition transfer of $7,794.38, pursuant to 11 U.S.C. §§ 547, 548, and 550. The matter under advisement is Defendant Gulf City Body &Trailer Works, Inc.'s (hereafter "Defendant") Motion to Dismiss (hereafter "Motion") for improper venue under 28 U.S.C. § 1409(b). The Trustee appears by Michael D. Fielding of Husch Blackwell, LLP. Defendant appears by Gilbert L. Fontenot of Maples & Fontenot, LLP and Cynthia F. Grimes of Grimes & Rebein, LLC. There are no other appearances. The Court has jurisdiction.[1]

The relevant facts are simple and uncontested. Plaintiff is the duly appointed and acting Chapter 7 Trustee of the bankruptcy estate of the Debtor, pending in this Court. This adversary case was filed on March 7, 2011, against Defendant seeking to recover for the estate $7,794.38 allegedly transferred to Defendant by the Debtor by wire transfer on January 15, 2009. The theories of recovery alleged are: Preferential transfer under 11 U.S.C. § 547; constructive fraudulent conveyance under 11 U.S.C. § 548(a)(1)(B) and K.S.A. §§ 33-204(2) and 33-205(a), and recovery of avoided transfer pursuant to 11 U.S.C. § 550 and K.S.A. § 33-207. When moving to dismiss, Defendant states it resides in the Southern District of Alabama and has no place of business, office, or branch in the

---

[1] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E)and (F).

2

State of Kansas.  The Trustee does not controvert these facts.[2]   Defendant moves to dismiss the Complaint under Federal Rule of Bankruptcy Procedure 7012, which incorporates Federal Rules of Civil Procedure 12(b)(3), for improper venue.  Defendant contends this case falls within the venue limitation of 28 U.S.C. § 1409(b), which provides in part that an action seeking to recover a "debt (excluding a consumer debt) against a noninsider of less than $11,725, [may be commenced] only in the district court for the district in which the defendant resides."  The Trustee argues that 28 U.S.C. § 1409(b) does not apply and venue is proper under 28 U.S.C. § 1409(a).[3]

This case therefore poses an unsettled question of bankruptcy procedure: Do the limitations on venue codified at § 1409(b), in particular that applicable to small-dollar cases filed by a trustee to recover a debt against a noninsider, apply to actions to recover preferences and fraudulent conveyances?  Although the "conventional wisdom" is that subsection (b) applies to preference actions,[4] cases have answered the question both "yes" and "no."  There is no precedent in the Tenth Circuit, although there is at least one unpublished decision answering "no."[5]  Those cases from other circuits answering "yes,"

---

[2] The Trustee also does not controvert Defendant's position that it is not an insider of the Debtor.

[3] Future references in the text to 28 U.S.C. § 1409 will be to the section only.

[4] *See e.g.*, Charles J. Tabb, *The Brave New World of Bankruptcy Preferences*, 13 Am. Bankr. Inst. L. Rev. 425 (2005); Bryon C. Starcher, *Second Thoughts on "Home Court Advantage" for Small-Dollar Preference Defendants*, 25 Am. Bankr. Inst. J. 10 (2006); Paul R. Hage and Patrick R. Mohan, *Does BAPCPA's Small-Dollar Venue Restriction Apply to Preference Actions?*  29 Am. Bankr. Inst. J. 26 (2011).

[5] The only decision from the Tenth Circuit located by the Court's research is an unpublished decision of Bankruptcy Judge McFeeley in *Ryan v. Wolter (In re Nashmy)*, 2007 WL 2305672 (Bankr.

3

that the venue limitations apply, rely upon construction of the phrase "arising in" and the legislative history of the BAPCPA[6] amendments to subsection (b).[7] Those cases answering "no," that the venue limitations do not apply to preference claims and other avoidance actions, rely upon the plain wording of the subsection.[8] For the reasons examined below, this Court finds the analysis answering "no" more persuasive and therefore denies Defendant's Motion to Dismiss.

The general rule, established by 1409(a), is that the district court in which a bankruptcy case is pending is the proper venue for a "proceeding arising under title 11 or

---

D. N.M. Aug. 6, 2007), holding 28 U.S.C § 1409(b) does not apply to preference claims.

[6] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. NO. 109-8, 119 Stat. 23 (2005).

[7] *Muskin, Inc. v. Strippit Inc. (In re Little Lakes Indust., Inc.)*, 158 B.R. 478 (9th Cir BAP 1993); *Dynamerica Manuf., LLC v. Johnson Oil Co., LLC (In re Dynamerica Manuf., LLC),* 2010 WL 1930269 (Bankr. D. Del. May 10, 2010)*; Miller v. Hirn (In re Raymond),* 2009 WL 6498170 (Bankr. N.D. Ga. June 17, 2009).

[8] *Moyer v. Bank of America, N.A. (In re Rosenberger)*, 400 B.R. 569 (Bankr W.D. Mich. 2008); *Ehrlich v. American Express Travel Related Services Co., Inc. (In re Guilmette)*, 202 B.R. 9 (Bankr N.D.N.Y. 1996); *Van Huffel Tube Corp. v. A & G Indust. (In re Van Huffel Tube Corp.)*, 71 B.R. 155 (Bankr. N.D. Ohio 1987).

arising in or related to" such case under title 11.[9] Subsection (b) codifies the exception on which Defendant relies. It provides:

> (b) Except as provided in subsection (d) of this section,[10] a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover . . . a debt (excluding a consumer debt) against a noninsider of less than $11,725, only in the district court for the district in which the defendant resides.[11]

The exception for small-dollar claims against noninsiders was added in 2005 by BAPCPA.

---

[9] 28 U.S.C. §§ 1409 (a), (b), and (c), which are relevant to this case provide:

> (a) Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.
>
> (b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,175 or a consumer debt of less than $17,575, or a debt (excluding a consumer debt) against a noninsider of less than $11,725, only in the district court for the district in which the defendant resides.
>
> (c) Except as provided in subsection (b) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case as statutory successor to the debtor or creditors under section 541 or 544(b) of title 11 in the district court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced.

[10] 28 U.S.C. § 1409(d) applies to claims of a trustee arising after the commencement of the case from the operation of the business of the debtor.

[11] 28 U.S.C. § 1409(b).

5

The terms used in § 1409 describing venue, although not defined by the Bankruptcy Code or other statutes, have well established meanings. "A proceeding 'arises under' the Bankruptcy Code if it asserts a cause of action created by the Code, such as exemption claims under 11 U.S.C. § 522, avoidance actions under 11 U.S.C. §§ 544, 547, 548, or 549, or claims of discrimination under 11 U.S.C. § 525."[12] "Proceedings 'arising in' in a bankruptcy case are those that could not exist outside of a bankruptcy case, but that are not causes of action created by the Bankruptcy Code."[13] If a proceeding "could have been commenced in federal or state court independently of the bankruptcy case, but the 'outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy,'"[14] it is "related to" a bankruptcy case. These terms of art are used not only when defining venue but also in the statutes defining jurisdiction of bankruptcy cases and proceedings.[15]

Under these definitions, the claims asserted by the Trustee against Defendant arose under the Bankruptcy Code. The Complaint alleges causes of action created by the Code §§ 547, 548, and 550 and are within the foregoing definition of proceedings "arising

---

[12] *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 771 (10th Cir. BAP 1997).

[13] *Id.*

[14] *Id.*, quoting *Gardner v. United States (In re Gardner)*, 913 F. 2d 1515, 1518 (10th Cir. 1990) (per curiam).

[15] 28 U.S.C. § 1334.

6

under" title 11.[16] Subject to the exceptions in subsection (b) and (c), the general venue provision of § 1409(a) applies to proceedings "arising under title 11" and provides that such proceedings may be commenced in the district where the title 11 case is pending. The exception in § 1409(b) for small-dollar claims applies to proceedings "arising in or related to" the case under title 11. The Complaint does not allege claims arising in or related to the Sunbridge bankruptcy. The plain language of the exception on which Defendant relies does not support its applicability to this proceeding.

Cases holding the § 1409(b) limitations on venue do not apply to preference actions do so based primarily upon well recognized distinctions between proceedings "arising under," "arising in," and "related to" bankruptcy cases and Congressional intent that these phrases have precise meanings. In *Van Huffel*,[17] the Chapter 11 debtor in possession brought an adversary proceeding in Ohio, where the bankruptcy case was pending, to recover allegedly preferential transfers from various defendants. One defendant, who resided in Pennsylvania, moved to dismiss under § 1409(b) because the claim alleged against it was less than $1,000. The court denied the motion, finding that a preference action is clearly a proceeding "arising under" title 11 and to "ignore the 'arising under' language found in Section 1409(a) and to refuse to make the distinction between the 'arising under,' 'arising in,' and 'related to' language found in the various

---

[16] As the foregoing definitions demonstrate, an avoidance action under 11 U.S.C. § 544 is created by the Code and therefore arises under the Code, even though the Trustee relies upon applicable state law as to the standard for avoidance.

[17] *In Re Van Huffel Tube Corp.*, 71 B.R. at 155.

7

jurisdictional and venue provisions relating to the bankruptcy courts would be to ignore Congressional intent as set forth in the legislative history of those statutes."[18]

In *Guilmette*,[19] the Chapter 7 Trustee brought a preference action to recover $913.28 in the Southern District of New York, where the bankruptcy case was pending, against a defendant who resided in the Northern District of New York. After engaging in a thorough analysis of the meaning in "arising under," the court denied the motion to dismiss for improper venue under § 1409(b). It held that the preference action arose under the bankruptcy code and did not also "arise in" the bankruptcy case.

*Rosenberger*[20] also held that a preference action "arose under" the Code and therefore venue was proper in the district in which the bankruptcy case was pending. It found that Congress' omission of "arising under" in subsection (b) was deliberate, citing the rule that "[I] is generally presumed that Congress acts intentionally and purposefully when it includes particular language in one section of a statute but omits it from another."[21]

A well respected commentator on the Code finds that the exception to the general venue statute does not apply to avoidance actions. Colliers, although denoting the

---

[18] *Id*. at 157.

[19] *In re Guilmette*, 202 B.R. at 9.

[20] *In re Rosenberger*, 400 B.R. at 569.

[21] *Id*., at 573, quoting *In re Cormier*, 382 B.R. 377, 393-94 (Bankr. W.D. Mich. 2008).

8

drafting of §1409(b) "puzzling;" states, "[t]he home court is still a proper venue for avoiding actions, whatever the amount."[22]

In support of its position that subsection (b) applies to this case, Defendant relies in part upon *Little Lake Industries*,[23] a 1993 decision of the Ninth Circuit BAP. The court held that a preference action to recover property worth less than $1000 could be brought only in the defendant's home district. Although acknowledging the customary distinctions between proceedings "arising under" and "arising in," it examined the venue statute to determine "whether a functional distinction was intended."[24] The court was frustrated by an attempt to determine any useful distinction from variations in the use the two terms (particularly in § 1409(c)),[25] found the legislative history sparse and inconclusive, and concluded that the policy served by the small-dollar limitation on venue "would be more logically accomplished by omitting *all* core proceedings, i.e. both those arising under and arising in, from subsection (b)."[26] Concluding that the statutory terms "arising under" and "arising in" should not be interpreted as mutually exclusive and for purposes of § 1409(b) all proceedings arising under title 11 also arise in the bankruptcy case, it held that the small-dollar preference action could be brought only in the

---

[22] 1 *Collier on Bankruptcy* ¶ 4.03[2](Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed. rev. 2011).

[23] *In re Little Lakes Indust., Inc.*, 158 B.R. at 478.

[24] Id., at 483.

[25] *Id.*

[26] *Id.*, at 484.

9

defendant's home district.[27] *Little Lakes Industries* was followed in *Raymond*,[28] where the court concluded that "subjecting reference claims to section 1409(b) is more likely than not what Congress intended." *Little Lakes Industries* was rejected by the *Guilmette* court based upon the established meaning of "arising under" and its exclusion from § 1409(b)[29] and by the *Rosenberger* court which disagreed with the conclusion that Congress' omission of "arising under" from § 1409(b) was inadvertent.[30]

Defendant also relies on *Dynamerica Manufacturing*,[31] which held the noninsider small-dollar provision of subsection (b) applies to preference actions. As *Dynamerica Manufacturing* accurately details, the reports and commentary of those supporting the BAPCPA addition of a limitation on venue applicable to small-dollar actions against noninsiders clearly intended that it apply to preference actions. The court found this legislative history sufficient to overcome the otherwise plain language of the subsection.

This Court declines to follow *Little Lakes Industries* and *Dynamerica* for two reasons: (1) The legislative history does not convince this Court that the omission of "arising under" from subsection (b) was unintentional; and (2) even assuming that Congress intended to make small-dollar avoidance actions subject to subsection (b), this

---

[27] *Id.* at 484.

[28] *In re Raymond*, 2009 WL 6498170 at *2.

[29] *In re Guilmette*, 202 B.R. at 12.

[30] *In re Rosenberger*, 400 B.R. at 572.

[31] *In re Dynamerica Manuf., LLC*, 2010 WL 1930269.

Court is directed by the applicable rules of statutory construction to apply the plain language of the subsection.

The origin of § 1409 is found in the Bankruptcy Reform Act of 1978, which enacted former 28 U.S.C. § 1473 addressing venue. It provided in relevant part:

> (a) Except as provided in subsections (b) and (d) of this section, a proceeding *arising in or related to* a case under title 11 may be commenced in the bankruptcy court in which such case is pending.
> (b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding *arising in or related to* such case to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $5,000 only in the bankruptcy court for the district in which a defendant resides. [32]

The House Report accompanying the house version of the bill basically repeats the statutory language and observes that the section "prevents unfairness to distant debtors of the estate, when the cost of defending would be greater than the cost of paying the debt owed."[33] The report does not address the type of claims to which it would apply. Notice that the statute omits the phrase "arising under" in both subsection (a) and (b). However, the statute addressing jurisdiction enacted at the same time, codified at 28 U.S.C. § 1471, provided in part that the district courts shall have original but not exclusive jurisdiction

---

[32] 28 U.S.C. § 1473(a) and (b) (1978) (reprinted in A Colliers on Bankruptcy, App. Pt. 4(a), App. Pt. 4-169 and-170) (emphasis added).

[33] H.R. Rep. No. 95-595, 446 95th Cong., 1st Sess. (1977) (reprinted in C Colliers, App. Pt. 4(d)(I), App. Pt. 4-1607).

11

over "all civil proceedings arising under title 11 or arising in or related to cases under title 11."[34] The House Report discussing the grant of jurisdiction observes:

> The phrase 'arising under' has a well defined and broad meaning in the jurisdictional context. By a grant of jurisdiction over all proceedings arising under title 11, the bankruptcy courts will be able to hear any matter under which a claim is made under a provision of title 11. . . . Any action by the trustee under an avoiding power would be a proceeding arising under title 11, because the trustee would be claiming based on a right given by one of the sections in subchapter III of chapter 5 of title 11".[35]

Title 28 was substantially amended in 1984 in response to the Supreme Court's *Marathon* decision. The bankruptcy jurisdictional statute was relocated to 28 U.S.C. § 1334 and the venue provisions were relocated to 28 U.S.C. § 1408 (venue of cases under title 11)[36] and 28 U.S.C. § 1409 (venue of proceedings arising under title 11 or arising in or related to cases under title 11). The grant of jurisdiction to district courts continued to be described in terms of civil proceedings "arising under title 11, or arising in or related to cases under title 11."[37] The phrase "arising under title 11" was added to subsections (a) and (d) of § 1409, the replacement for 28 U.S.C. § 1473, but not to subsections (b) or (c).[38] Hence the exception to venue in the court where the bankruptcy case was pending

---

[34] 28 U.S.C. § 1471(1978) (reprinted in A Colliers on Bankruptcy, App. Pt. 4(a), App. Pt. 4-169).

[35] H.R. Rep. No. 95-595 at 445 (reprinted in C Collier App. Pt. 4(d)(i), App. Pt. 4-1605 and -1604).

[36] 28 U.S.C. § 1408 (1984) (reprinted in E-1 Collier App. Pt. 6(a), App. Pt. 6-3).

[37] 28 U.S.C. § 1334 (1984) (reprinted in E-1 Collier App. Pt. 6(a), App. Pt. 6-2 and -3).

[38] 28 U.S.C. § 1409 (1984) (reprinted in E-1 Collier App. Pt. 6(a), App. Pt. 6-3 and -4).

12

provided, in certain low-dollar cases, that the trustee "in a case under title 11" could commence a "proceeding arising in or related to such case" only in the defendant's home district. The addition of "arising under" to only two subsections of § 1409 lends support to the argument that the omission of "arising under" in subsection (b) was intentional.

Other than changes to the monetary limits, § 1409 was not amended until BAPCPA was enacted in 2005. In the interim, the 1997 American Bankruptcy Task Force on Preferences identified for consideration the amendment of the venue rules "to protect defendants from having to defend in a distinct forum, at least when the amount in controversy is below a stated amount," suggesting that the then present limits of $1,000 and $5,000 for a consumer debt were insufficient.[39] The National Bankruptcy Review Commission Report as recommendation 3.2.2 stated, "28 U.S.C. § 1409 should be amended to require that a preference recovery action against a non-insider seeking less than $10,000 must be brought in the district where the creditor has its principal place of business. This Recommendation applies to non-consumer debts only."[40]

BAPCPA amended § 1409(b) by adding the following italicized language:

> (b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $15,000, *or a debt (excluding a consumer debt)*

---

[39] The ABI Preference Survey recommendation 13, is available at www.abiworld.org/legis/reform/preferencefront.html.

[40] Charles J. Tabb, *Brave New World,* 13 Amer. Bankr. Inst. L. Rev. at 427, citing Nat'l Bankr. Rev. Comm'n, *Bankruptcy: The Next Twenty Years,* 794 (1977).

*against a noninsider of less than $10,000,* only in the district court for the district in which the defendant resides.[41]

The House Report basically repeats the statutory language and does not make reference to preference or other Chapter 5 actions.[42] The phrase "arising under" title 11 continues to be omitted from subsection (b).

However, a widely cited commentary on BAPCPA includes the amendment of § 1409(b) as one of "several significant amendments . . . made to the bankruptcy and jurisdictional laws affecting preferences."[43] It states, "The venue rules for 'proceedings'--which include preference avoidance actions--in 28 U.S.C. § 1409 were amended in 2005 to give substantially greater protection to creditor defendants."[44] This position assumes that subsection (b) before BAPCPA applied to preference actions. This assumption, and the conclusion that the BAPCPA noninsider small-dollar amendment applies to preferences, have been questioned by a different author, based upon the plain language of the subsection and an exhaustive analysis of the legislative history.[45] The author concludes, "Congress has had three opportunities to include proceedings arising under Title 11 in § 1409(b) (and its predecessor, § 1473(b)), but had failed to do so.

---

[41] 28 U.S.C. § 1409(b) (2005) (reprinted in E-2 Collier App. Pt. 10(b), App. Pt. 10-654 and -655).

[42] H.R Rep. No. 109-31, 88 109th Cong., 1st Sess. (2005) (reprinted in E-2 Colliers. App. Pt. 10(b), App. Pt. 10-355-56).

[43] Charles J. Tabb, *Brave New World*, 13 Amer. Bankr. Inst. L. Rev. at 427.

[44] *Id.* at 428.

[45] Bryon C. Starcher, *Second Thoughts*, 25-Mar Am. Bankr. Inst. J. at 10.

14

Given the other changes made to the venue provisions over the years, a court today may be hard-pressed to find that Congress has not intentionally excluded preference proceedings arising under Title 11, including preferences, from the operation of subsection (b)."[46]

This Court finds the legislative history of § 1409 insufficient to conclude that Congress intended that preference and other avoidance actions be subject to the small-dollar limitations on venue stated in subsection (b). When Congress transferred the section in 1984 from § 1473 to § 1409, it added "arising under" to subsection (a) and (d), but failed to add it to subsections (b) and (c). That crucial difference between subsections (a) and (b) has not been subsequently amended, even though the courts have disagreed as to the scope of the exception in (b). Although, as discussed above, those advocating for the BABCPA amendment to § 1409 clearly intended the noninsider exception to subsection (a) to apply to preference actions, there is nothing in the Congressional documents evidencing that Congress shared that intent. If Congress intended to include the phrase "arising under" in subsection (b), BAPCPA would have been an appropriate time to make the amendment, but it failed to do so.

Moreover, the established rules of statutory construction would preclude the Court from diverting from the plain language of the subsection, even if the legislative history were more convincing. As the Supreme Court has said when construing the Code, "[I]t is

---

[46] *Id*. at 51.

15

Case 11-06113    Doc# 15    Filed 07/27/11    Page 15 of 16

well established that 'when the statute's language is plain, the sole function of the courts - at least where the disposition required by the text is not absurd - is to enforce it according to its terms.'"[47] In this case, the construction of 1409(b) as not including preference and other avoidance within the exception to the general venue statute for certain small-dollar claims is not absurd, as the exception will apply to other proceedings arising in and related to the bankruptcy case. The importance of the rule that the plain meaning of the Code was recently followed by the Tenth Circuit in *Dawes*[48] where the legislative history and purpose were an insufficient basis for departing from what the Tenth Circuit Court found to be the plain language of 11 U.S.C. § 1222(a)(2)(A) and related provisions concerning the priority of taxes from gain on the postpetition sale of farm assets.

For the foregoing reasons, the Court concludes that this Court is a proper venue for the Trustee's avoidance action against Defendant. The claims alleged arose under title 11 and therefore are not within § 1409(b), which limits venue to the district where the defendant resides only for small-dollar claim "arising in" and "related to" the bankruptcy case. Defendant's Motion to Dismiss is denied.

**IT IS SO ORDERED.**

###

---

[47] *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004), *quoting Hartford Underwriters Ins. Co. v. Union Plainters Bank, N.A.*, 530 U.S. 1, 6 (2000).

[48] *United States v. Dawes (In re Dawes)*, __ F.3d __ , 2011 WL 2450930 (10th Cir. June 21, 2011).